### The Illinois Central Railroad Company

*v.*

### Belford Slater, Admr.

*Filed at Ottawa October 31, 1891.*

1. Negligence—*is a question of fact for the jury.* In an action for negligently causing the death of the plaintiff's intestate by a train of a railway company, the question of negligence is one of fact, for the jury to find from the evidence, and the court has no right to instruct the jury that one thing is negligence and another is not. The jury should be left free and untrammeled to determine, from all the evidence, who has been negligent and who has not.

2. Hence it is improper for the court, by an instruction, to inform the jury that it is not a want of ordinary care for a train of cars to approach a highway crossing at its usual speed, although there is a team approaching. And so an instruction that the engineer had a right to presume that a team approaching the crossing would stop, is properly refused.

3. Same—*failure of railway company to ring bell—competent proof.* On a charge of negligence in a railway company in failing to ring a bell on approaching a highway crossing, there is no error in permitting witnesses to testify that they would have heard the bell if it had been rung, following *Chicago and Alton Railroad Co.* v. *Dillon,* 123 Ill. 570.

4. Instruction—*misleading—assuming question of fact.* On the trial of an action brought by an administrator against a railway com-

pany to recover damages for the wrongful killing of the intestate at a highway crossing, the defendant asked the court to instruct the jury, that if they believed, from the evidence, that the person in charge of the team stopped forty or fifty feet from the railroad track, and the horses afterward became unmanageable and ran upon the track, defendant was not responsible for the action of the horses, or for any damage to them, which was refused: *Held*, properly refused, for the reason that the damages to the horses were not involved, and because calculated to mislead the jury as to whether defendant was responsible for what the horses did. That was a question of fact, to be determined from a consideration by the jury of all the facts and circumstances which occurred at the time.

5. EVIDENCE—*holding case open for further testimony—discretion of court.* Where the evidence was all in on Saturday morning, except the testimony of two absent witnesses of the defendant as to one point, defendant asked the court to hold the case open until 11:10 o'clock of that forenoon, when the witnesses were expected to arrive on a train, or to allow counsel to call them on the next Monday and examine them, which the court refused: *Held*, that the request was addressed to the discretion of the court, and that while this court would have been better satisfied if counsel had been allowed to examine the witnesses on their arrival on Saturday or the following Monday, the refusal of the request was the exercise of a discretion, which could not justify a reversal of the judgment.

6. FORMER ADJUDICATION—*identity of parties—suing as administrator for different persons.* Where two brothers, both minors and living with their father, were killed at a railroad crossing by a passenger train colliding with the wagon in which they were, and the father took out letters of administration upon the estates of each of his said sons, and brought separate actions, in his representative capacity, against the railway company operating the train which collided with the wagon, the declarations in the cases being precisely the same, except as to the names of the intestates, it was *held*, that a judgment in favor of the plaintiff and against the defendant in one case was no bar to the further prosecution of the other action, as the plaintiffs in the two suits were not the same persons in law, and because the evidence in the two cases was not the same in respect to the killing and the care of each intestate.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Ogle county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. W. & W. D. BARGE, for the appellant:

The judgment in the other action is a bar to this suit. *Railroad Co.* v. *Slater*, 28 Ill. App. 73; 129 Ill. 91; *Coal Co.* v. *Wood*, 77 id. 68; *Taylor* v. *Castle*, 42 Cal. 367; Freeman on Judgments, sec. 259.

If the same evidence supports the two causes of action, a recovery in the one bars the other. 2 Addison on Torts, 1156; *Dawley* v. *Brown*, 79 N. Y. 390; *Smith* v. *Whiting*, 11 Mass. 445; *Lawrence* v. *Vernon*, 3 Scam. 20; *Gayer* v. *Parker*, 24 Neb. 643; *Heikes* v. *Commonwealth*, 26 Pa. St. 513; *Gordon* v. *State*, 71 Ala. 315.

As to the nature and identity of parties to the two actions, see *Chicago* v. *Major*, 18 Ill. 349; Field on Damages, 515, sec. 649; *Hicks* v. *Barrett*, 40 Ala. 291; 2 Thompson on Negligence, p. 1294, sec. 91; *Perry* v. *Railroad Co.* 29 Kan. 420; Cooley on Torts, 268; *Trask* v. *Railroad Co.* 2 Allen, 331; *Knowlton* v. *Railroad Co.* 147 Mass. 606; Bigelow on Estoppel, 197; Hilliard on Remedies for Torts, 468.

If A has two horses killed by the cars of a railway company at the same time and place, and he sue and recover the value of one of them, he can not afterward recover for the other. *Brandenberg* v. *Railroad Co.* 13 Ind. 103; *Camp* v. *Morgan*, 21 Ill. 255; *Clayes* v. *White*, 83 id. 540; *Casselberry* v. *Forquer*, 27 id. 170; *Railroad Co.* v. *Nichols*, 57 id. 464; *Folsom* v. *Clemence*, 119 Mass. 473.

Negligence is a breach of a duty which one owes to another. *Railroad Co.* v. *Eininger*, 114 Ill. 79; Cooley on Torts, 659.

The engineer has the right to presume that a person near the track will not go on the track until the train can pass. *Railroad Co.* v. *Austin*, 69 Ill. 426; *Railroad Co.* v. *Lee*, 68 id. 576; *Railroad Co.* v. *Damerell*, 81 id. 450; *Railroad Co.* v. *Manly*, 58 id. 300; Shearman & Redfield on Negligence, (3d ed.) secs. 481, 482; *Railroad Co.* v. *Buckner*, 28 Ill. 299.

It was error to allow the witnesses to state that if any bell was rung they would have heard it. Such a statement is but

a conclusion. *Sahlinger* v. *People,* 102 Ill. 241; *Marcoll* v. *Railroad Co.* 49 Mich. 99; *Evans* v. *Dickey,.* 117 Ill. 291.

Mr. J. W. Allaben, and Messrs. Dixon & Bethea, for the appellee:

The judgment in the former suit is not a bar to this one, because the matters in controversy here were not and could not have been litigated in the former suit, and because the plaintiffs are not the same. Belford Slater was the administrator of the estate of two distinct persons in each case, and though the beneficiaries were the same, the fact makes the plaintiff, by the statute, two distinct persons. The beneficiaries are not parties. Cooley on Torts, 263, 265; *Conant* v. *Griffin,* 48 Ill. 410; 3 Lawson's Rights, Rem. and Prac. secs. 1020, 1025; *Railway Co.* v. *Shacklet,* 119 Ill. 232; Freeman on Judgments, secs. 156, 163; 2 Smith's Lead. Cases, (8th ed.) 955; Bigelow on Estoppel, 65, 278; Cooley on Torts, 274; 1 Perry on Trusts, sec. 328.

The subject matter was not identical, and the same evidence would not sustain both suits. In each suit the subject matter was a right of action that two different persons had, that survived to their legal representatives.

Damages for the death of Lewis W. Slater were not sought in the former suit; and where the subject matter and parties of the two suits are not identical, it must be shown that the matter in controversy was in fact litigated in the first suit, before the second suit will be barred. *Hyde* v. *Howes,* 2 Ill. App. 140; *Althrop* v. *Beckwith,* 14 id. 628; *Cromwell* v. *Sac Co.* 4 Otto, 357.

In cases similar to this the courts have held the second suit proper. *Railroad Co.* v. *Crawford,* 24 Ohio St. 631; *Peake* v. *Railroad Co.* 26 Fed. 495.

The former suit should have been specially pleaded in bar or in abatement. Freeman on Judgments, sec. 284; 2 Smith's Lead. Cas. 945-953; *Miller* v. *Manice,* 6 Hill, 114; *Hahn* v.

*Ritter,* 12 Ill. 80; *Edwards* v. *Hill,* 11 id. 22; *Railroad Co.* v. *Todd,* 91 id. 70; *Johnson* v. *Richardson,* 17 id. 302; Gould's Pl. 345.

Defendant's refused instruction No. 18 was bad. It was not necessary for the court to instruct the jury that the engineer has a right to presume that a team will stop. *Railroad Co.* v. *Lee,* 87 Ill. 454; *Pennsylvania Co.* v. *Frana,* 112 id. 398.

Defendant's sixteenth refused instruction was bad. It is not proper to instruct a jury that it is not want of ordinary care for a train to approach a crossing at usual speed. That was a question for the jury. *Pennsylvania Co.* v. *Frana,* 112 Ill. 398; *Railway Co.* v. *Hillmer,* 72 id. 235; *Railroad Co.* v. *Lee,* 87 id. 454; *Railway. Co.* v. *Hicks,* 13 Ill. App. 407; *Railway Co.* v. *Neikirk,* 15 id. 172; *Railway Co.* v. *Hall,* 106 Ill. 371; *Railway Co.* v. *Kellam,* 92 id. 245.

Defendant's twenty-seventh refused instruction was bad. The railroad company has no right to invite travelers on a highway into danger and then charge them with negligence. *Railway Co.* v. *Goebel,* 119 Ill. 515; *Mill Co.* v. *Johnson,* 114 id. 57; *Pennsylvania Co.* v. *Frana,* 112 id. 398.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by Belford Slater, administrator of the estate of Lewis W. Slater, deceased, against the Illinois Central Railroad Company, to recover damages resulting from the death of the deceased, caused, as alleged, by the negligence of the railroad company. Belford Slater, the father of Lewis W. and Arthur B. Slater, on the 24th day of August, 1886, sent the two boys from his farm to Polo, with a wagon and span of horses, for the purpose of getting certain goods. Lewis was thirteen and Arthur ten years old. On their return home, while attempting to cross the railroad track, a passenger train on defendant's railroad collided with the wagon, and both boys were killed. Belford Slater was appointed administrator

of the estate of each of his sons, and brought separate actions to recover for the death of each. The action for the death of Arthur B. was tried at the August term, 1887, of the circuit court of Ogle county, and resulted in a judgment in favor of the plaintiff for $1000. On appeal, the judgment was affirmed in the Appellate Court, and on further appeal affirmed in this court. At the March term of the same court the other case, brought to recover for the death of Lewis W. Slater, was tried, and resulted in a judgment in favor of plaintiff for $1350, which was also affirmed in the Appellate Court, and the railroad company has prosecuted this appeal.

The first count of the declaration alleged that on August 24, 1886, defendant possessed and operated a railroad through the county of Ogle, over a public highway running east and west on the section line between sections 4 and 9, township 23, range 8; that Lewis W. Slater was then, with all due care, riding upon said highway in a wagon drawn by two horses, and with all due care and caution came upon said railroad at said crossing, and while so riding, with all due care, across said railroad at said crossing upon said highway, in said wagon, defendant then and there, by its servants, so carelessly and improperly drove and managed its locomotive engine and train, by running the same at a high and dangerous rate of speed, and by failing to keep a proper watch for persons about to pass over said crossing, or to give such signals as would apprise such persons using due care of the approach of said locomotive engine and train, and by failing and neglecting to stop or endeavor to stop said engine and train, so as to prevent injury to said Lewis W. Slater upon said crossing; that by and through said negligence and improper conduct of defendant in that behalf, said engine and train then and there struck said wagon, and said Lewis W. Slater was then and there thrown out of said wagon with force and violence, and against said engine, and was thereby then and there killed; that said Lewis W. Slater left surviving,

Belford Slater, his father, Ruth A. Slater, his mother, Albert G. Slater, Willis A. Slater and Roy J. Slater, his brothers, and Sarah M. Slater, his sister, as next of kin, who have been deprived of their means of support and sustained damages. The declaration contained other counts, but it will not be necessary to refer to them here. The declaration in the other case was in all respects similar to this declaration, except the name of Arthur B. Slater occurred where that of Lewis W. Slater appears in this declaration.

It will be observed that the same railroad is defendant in each case; the same tortious act led to the death of the two persons; the same father and mother, brothers and sister, in each case; the same next of kin and beneficiaries in each case. It will also be noticed that as the killing of the two boys resulted from one and the same transaction, on the trial of the first all the evidence in reference to the death of Lewis W. Slater, the deceased in this case, was all gone over and introduced before the jury. Indeed, it was impossible for the plaintiff to prove the death in the one case without at the same time and by the same evidence proving the death in the other case, or to establish a cause of action in the one case without at the same time and by the same evidence proving the facts which led to a recovery in the other.

Under these peculiar facts it is insisted by counsel for the railroad company, with much earnestness, that the judgment in the first cause is a bar to this action. The law is well settled, not only by text-writers but by the decisions of numerous courts of last resort, that a judgment in a civil proceeding, based upon a certain cause of action, is binding and conclusive on the parties to the proceeding, and another suit or proceeding can not be maintained upon the same cause of action. (*Trask* v. *New Haven Railroad Co.* 2 Allen, 331.) "The law does not tolerate a second judgment for the same thing, between the same parties, whether the claim is upon a contract or tort." "The general rule is, that it is against the policy of

the law to permit a plaintiff to prosecute in a second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs." *(Sykes* v. *Gerber,* 98 Pa. St. 179.) "An entire claim, arising either upon a contract or from a wrong, can not be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim, a judgment on the merits in either will be available as a bar in the other suits." *(Rosenmueller et al.* v. *Lampe,* 89 Ill. 212.) In the note to *Trevwan* v. *Lawrence,* 2 Smith's Lead. Cas. 440, it is said: "With regard to the judgment of a court of record *inter partes,* the great maxim which governs its effect is, *res inter alios acta alteri nocere non debet.* The rule laid down in the celebrated judgment of DeGrey, C. J., is, it will be recollected, that the judgment is conclusive between the same parties. In Buller's Nisi Prius, 233, the rule, and the reason for the rule, are stated to be, that 'the verdict ought to be between the same parties, because otherwise a man might be bound by a decision who had not the liberty to cross-examine; and nothing can be more contrary to natural justice than that a man should be injured by a determination that he, or those under whom he claims, was not at liberty to controvert.' To the same effect is Comyn's Digest, title Estoppel; Coke's Litt. 353." In the same note the author also says: "It must be observed that a verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity, and, in fact, as a different person, in law."

There is no trouble in regard to the law of former adjudication. Its principles are well settled. Indeed, opposing counsel do not disagree so much as to what the law is, as they do in regard to its application to the facts of this case. We have, however, after mature consideration of the question, arrived at the conclusion that the former action is not a bar to the present one. The parties were not the same in the two

actions. The defendant was the same in both actions, and the beneficiaries were the same ; but in the former suit the plaintiff was the administrator of the estate of Arthur B. Slater, deceased, and as such administrator he sued and as such administrator he recovered, while in the present action the plaintiff sues as the administrator of the estate of Lewis W. Slater, deceased. The two plaintiffs have no interest or connection whatever with each other. They are as separate and distinct as if the plaintiff in the first case had been William Smith, administrator of the estate of Silas Huber, and in the second case had been William Smith, administrator of the estate of John Jones. The beneficiaries have no bearing on the question. They are not plaintiffs in the action. But under the statute the administrator is made a plaintiff in his representative character, as such.

Counsel have cited section 259 of Freeman on Judgments, where the author says : "The best and most unvariable test as to whether a former judgment is a bar, is to inquire whether the same evidence will sustain both the present and the former action." Suppose, on the trial of the former case, where the action was brought to recover for the negligent killing of Arthur B. Slater, the plaintiff had proven that Lewis W. Slater came to his death by the negligent operation of defendant's trains, and that he was administrator of the estate of Lewis W. Slater, who had next of kin. Could a verdict on such evidence be rendered for the plaintiff in the former action ? The answer is apparent, that no recovery could be had in that case on such evidence ; and yet it will not be denied that such evidence would make out a *prima facie* case, upon which a verdict and judgment might be rendered in the latter case. The fact is therefore apparent that the same evidence would not support both actions. In the former case it was necessary to establish that Arthur B. Slater, while in the exercise of ordinary care, was killed through the negligence of the defendant, while in the present action it devolved upon the

plaintiff to prove that Lewis W. Slater, while in the exercise of ordinary care, came to his death through the negligence of the defendant. The fact that both of these parties came to their death at the same time and from one and the same accident, is a matter of no particular moment, and has no special bearing upon the question involved. Here the plaintiffs were different in the two actions, the subject matter was not the same, and the question involved in this case was not litigated in the former one, and we are aware of no well settled principle upon which it can be held that the former action is a bar to the present one.

It is next claimed that the court erred in refusing defendant's instructions Nos. 17 and 18. No. 17 in substance informed the jury that it was not a want of ordinary care for a train of cars to approach a highway crossing at its usual speed, although there is a team approaching. On the trial of a case of this character, negligence is a question of fact, for the jury to determine from the evidence, and it is not the province of the court to tell the jury, in an instruction, that one thing is negligence and another not, but the jury should be left free and untrammeled to determine, from all the evidence, who has been negligent and who has not.

No. 18 informed the jury that an engineer has a right to presume that a team approaching a crossing will stop, etc. What has been said in regard to No. 17 will also apply here. It was improper for the court to say, as a matter of law, that the engineer might presume anything. Presumptions had nothing to do with the question involved. The deceased had lost his life in crossing the railroad track, and the question was whether the negligence of the defendant contributed to the injury, the deceased having exercised ordinary care.

It is also said, the court erred in refusing defendant's instruction No. 27. In substance it directed the jury, that if they believed, from the evidence, that the person in charge of the team stopped forty or fifty feet from the railroad track,

and the horses afterwards became unmanageable and ran upon the track, defendant was not responsible for the action of the horses or for any damage to them. What damage, if any, was done to the horses was not involved in the action, as the suit was not brought to recover for damages to the horses or wagon, and upon this ground, alone, the action of the court in refusing the instruction might be placed. But aside from this, the instruction was liable to mislead the jury. Whether the defendant was responsible for what the horses did, was a question of fact, to be determined from a consideration by the jury of all the facts and circumstances which occurred at the time.

It is also claimed that the court erred in giving plaintiff's third and fourth instructions. Instructions like these were given in *Illinois Central Railroad Co.* v. *Slater*, 39 Ill. App. 69, and they were approved by this court. The decision in that case is conclusive of the question now raised.

It is also claimed that the court erred in permitting certain witnesses to testify that they would have heard the bell if it had been rung. The admissibility of this character of evidence arose in *Chicago and Alton Railroad Co.* v. *Dillon*, 123 Ill. 570, and it was there held that the admission of such evidence was not error.

It appears from the record that on Saturday morning of the week when the cause was tried the evidence had all been introduced by both parties, except the defendant desired to call Mr. and Mrs. Shaffer on a single point. These witnesses were not, however, in court, and would not arrive until 11:10 o'clock that forenoon, and counsel for defendant requested the court to hold the case open for the introduction of evidence until the witnesses could arrive on that day, or allow counsel the right to call the witnesses on the following Monday and examine them at that time; but the court refused the request of counsel, and this ruling is relied upon as error. We would have been better satisfied with the ruling of the court if counsel had been allowed to examine the witnesses after their ar-

rival on that day, or on the following Monday; but whether the court would wait for witnesses to arrive, and allow the case to stand open and permit the evidence to be introduced after the witnesses should arrive, was a matter resting in the discretion of the court, and the refusal of the court to exercise that discretion in defendant's favor is not ground for a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*