## 10508

## PEEPLES v. SEABOARD AIR LINE RAILWAY.

### (104 S. E. 541.)

1. JUDGMENT — JUDGMENT DENYING RECOVERY FOR DEATH NOT RES JUDICATA IN ACTION UNDER SURVIVAL STATUTE. — Judgment for defendant in an action by the administrator of one killed on a railroad's track, brought in behalf of the beneficiaries under Lord Campbell's Act, is not *res judicata* in a second action by the administrator under the survival statute for the injury to decedent, after which he lived some two hours.

2. DEATH—EVIDENCE OF SUFFERING SUFFICIENT TO TAKE QUESTION OF RECOVERY UNDER SURVIVAL ACT TO THE JURY.—In an action under the survival act for the suffering of one fatally injured on a railroad track, evidence that deceased suffered after his injury prior to his death *held* sufficient to take the question to the jury.

3. DEATH—EVIDENCE OF NEGLIGENCE AND WILFULNESS SUFFICIENT FOR JURY.—In an action under the survival act for suffering following fatal injury on a railroad track, evidence of defendant railroad's negligence and wilfulness in operating train without signal and warning *held* sufficient to justify submission of those questions to the jury as grounds for recovery of actual and punitive damages.

4. RAILROADS—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN ENTITLED TO RELY ON STATUTORY WARNING FROM TRAIN HELD QUESTION FOR JURY. —In an action involving the issue of contributory negligence of a pedestrian fatally injured at an obstructed crossing, whether the statutory warning from the construction train which struck decedent was given *held* a question for the jury.

5. RAILROADS—FAILURE TO GIVE SIGNALS PRESUMED CAUSE OF INJURY.— Where the statutory signals are not given by a train, and one is struck on the railroad's track, there is a presumption that the failure to give the signals was the proximate cause of the injury.

Before BOWMAN, J., Hampton, October, 1919. Affirmed.

Action by W. E. and B. J. Peeples, as Administrators of the Estate of J. W. Peeples, Deceased, against Seaboard Air Line Railway. From judgment for plaintiffs, the defendant appeals.

*Messrs. J. W. Manuel* and *Harley & Blatt,* for appellant,
cite: *Case was res adjudicata:* 97 S. C. 27. *No evidence of
pain and suffering by deceased, and verdict should have been
directed:* 108 S. C. 201; 237 U. S. 647; 128 Tenn. 363;
173 Mich. 329; 125 Mass. 90; 108 Ark. 396; 134 Mass.
499; 68 Ark. 1; 145 U. S. 335; 145 Mass. 281. *Pain and
suffering substantially contemporaneous with death and
inseparable as matter of law from it:* 9 Cush. 109. *Id.* 478;
125 Mass. 90; *Id.* 93. *Only inference from testimony is
that deceased failed to observe slightest care for his own
safety:* 94 S. C. 143; 5 S. C. 221; 63 S. C. 271; 72 S. C.
389; 78 S. C. 379. *Testimony of uninterested witness in
contradiction of positive testimony of train crew as to sig-
nals, etc., insufficient to make substantial conflict:* 33 Cyc.
891; 149 Fed. 79. *Burden on person crossing track who is
hit by train to show he was not negligent:* 65 Am. St. Rep.
377. *Obstructions near track put additional burden on
pedestrian to observe:* 55 Am. St. Rep. 287. *Track of itself
a warning:* 8 Am. St. Rep. 804. *Duty to look and listen:*
49 Am. St. Rep. 323; 10 Am. St. Rep. 616; 8 Am. St. Rep.
814; 18 Am. St. Rep. 407; 49 Am. St. Rep. 323; 55 Am.
St. Rep. 287. *Duty of carrier and of travelers at a cross-
ing:* 52 S. C. 323; 49 Am. St. Rep. 371; 97 Am. St. Rep.
844; 33 Cyc. 943; 30 Pac. 462; 75 S. W. 930; 33 Cyc. 952;
57 S. C. 205; 33 Cyc. 978, 981-2, 985, 988; 27 Barb. 533;
80 N. W. 28; 33 Cyc. 1000-1; 60 N. J. L. 278; 33 Cyc.
1036-7. *No wilfulness on which to base verdict for puni-
tive damages:* 62 S. C. 269; 15 S. C. 412; 69 S. C. 444; 2
Suth. Damages 1093; 12 A. & E. Enc. Law (2d Ed.) 24.

*Messrs. George Warren* and *Holman & Boulware,* for
respondents, cite: *Judgment in an action under Lord Camp-
bell's Act not res adjudicata of an action under the survival
statute:* 97 S. C. 27; 81 S. E. 189. *Statutory signal require-
ments cumulative to any existing law:* 1 Civ. Code 1912,
sec. 3314; 25 S. C. 53; 47 S. C. 28; 61 S. C. 404; 74 S. C.

377. *Presumption of negligence from failure to give signal at a crossing:* 84 S. C. 125; 65 S. E. 1031; 59 S. C. 99; 63 S. C. 271; 63 S. C. 532; 78 S. C. 374; 84 S. C. 125; 63 S. C. 370; 83 S. C. 325.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mr. J. W. Peeples, going along the principal street of Estill, a town in this State, found the street obstructed by a train of cars on the defendant road. There were three tracks across the street, and a freight train was across the middle track. There was a construction train on the first track. The freight train was moving off, and Mr. Peeples crossed the first track and waited for the freight train to clear the street. For some unknown reason, Mr. Peeples walked backwards from the moving freight train. In the meantime the construction train on track No. 1 moved slowly forward, and Mr. Peeples moved too close to track No. 1, and the construction train hit him, threw him under the train, and injured him to such an extent that he died in about two hours. The plaintiff administered on his estate and brought an action in behalf of the beneficiaries under Lord Campbell's Act, and the suit resulted in favor of the defendant company. The administrator then brought this action under the survival statute for the injury to Mr. Peeples, asking for both actual and punitive damages. The defendant, in its answer, denied negligence and wilfulness, and set up the former judgment as *res adjudicata,* and pleaded contributory negligence. The defendant moved for a direction of verdict on negligence and wilfulness. This was refused, and a verdict was rendered in favor of the plaintiff for $10,000. From the judgment entered on this verdict, the defendant appealed.

1. The first question is: Is the judgment in the first action *res adjudicata?*

The answer is that it is not.    The case of *Bennett v. Railway*, 97 S. C. 27, 81 S. E. 189, is complete authority.    At page 31 of 97 S. C., at page 190 of 81 S. E., this Court says: "There must be separate verdicts and separate judgments, and hence there should be separate actions and separate trials."

The opinion in that case is exceedingly clear and leaves no room for doubt.    It follows that all efforts made to go into the record of the former trial must fail, and the exceptions need not be separately considered.

2.  The appellant claims that there was no evidence that the deceased suffered anything, and, therefore, there is no basis of recovery.    This position cannot be sustained. There was evidence that the deceased was dragged quite a distance, and, while on the special train that carried him to Savannah, he asked to have his shoe taken off, because it hurt him, and, when asked if he wanted water, he bowed his head.    There was conflicting evidence, but that was a question for the jury.    It was said that the deceased was unconscious, because he could not speak. That was denied; but, even if Mr. Peeples could not speak, it was for the jury to say whether that was proof of unconsciousness, or served to aggravate his sufferings.    The exceptions that raised this question cannot be sustained.

3.  The appellant claims that there was no evidence of negligence or wilfulness.    This cannot be sustained.    There was abundant evidence of both.    There was evidence to show that the engine was moving in the midst of the train and that the engineer could not see either way; that there was no one on the front of the moving work train to warn people from the track; that no signals were given.    There were two trains moving on tracks only a few feet apart, over a public street of the town, where the noise of the approaching train, moving slowly, might well be drowned by the noise of the departing train.    If the

jury believed that there were no signals given and no one on the front of the work train to warn pedestrians, then they might have concluded that the defendant prepared a death trap for Mr. Peeples, and give both actual and punitive damages.

4. As to contributory negligence, two views might well be taken. Mr. Peeples was manifestly watching the freight train, and he had the right to rely on the statutory warning from the construction train. Whether these warnings were given or not was a question for the jury. This position cannot be sustained.

5. The trial Judge was not in error in charging the jury that where the statutory signals are not given, and an injury occurs, there is a presumption that the failure to give the signals is the proximate cause of the injury.

*Strother v. Railway*, 47 S. C. 381, 25 S. E. 273: "We will next consider the second ground upon which the defendant based its motion for a nonsuit. The failure on the part of the defendant's servants to ring the bell or sound the whistle in the manner provided by statute was negligence *per se*. When the defendant violates the requirements of the statute as to ringing the bell or sounding the whistle, and a person is injured by its locomotive, while crossing a highway, street, or traveled place it will be presumed that such negligence caused the injury, unless the testimony shows that the injury was caused in some other manner, which was not done in this case. The first exception is, therefore, overruled."

The judgment is affirmed.