16044

GLEATON v. SOUTHERN RY. CO. *ET AL.*
(46 S. E. (2d) 879)

*Messrs T. B. Bryant, Jr.,* and *A. J. Hydrick,* of Orangeburg, for Appellant-Respondent,

*Messrs. Moss & Moss,* of Orangeburg, and *Frank G. Tompkins,* of Columbia, for Respondents-Appellants,

February 12, 1948.

STUKES, J.: This action arose from the crossing accident involved in *Gleaton v. Southern Ry. Co. et al.,* 208 S. C. 507, 38 S. E. (2d) 710, which occurred December 20, 1944. That suit was for damages for wrongful death, under Lord-Campbell's Act, Secs. 411 and 412 of the Code of 1942, and verdict and judgment for plaintiff were affirmed on appeal. Afterward there was tried in the Court of Common Pleas an action by the executor of the estate of the deceased under the survival statute, Sec. 419 of the Code, which resulted in verdict and judgment for the defendants, who were the railway company and its engineer in charge of the operation of the train. Then came this action which was commenced in January, 1947, by the widow of the deceased, plaintiff in her individual capacity, as the alleged owner of the automobile in which decedent received his fatal injuries, for damages to the automobile, which it is alleged was her separate property. The defendants are the same as in the other actions.

There will first be considered the contention of the parties with respect to the Statute of Limitations. This was heard in the lower court on demurrer and it was held that the action was barred, either under the provisions of Sec. 8339 or Sec. 8376 of the Code of 1942. This was error as is seen by reference to the statutes and their origin.

Section 8339 was originally Sec. 10 of Act No. 13 of 1892, approved December 19, 1892, 21 Stat. 8, which was entitled: "An Act to amend Title XII, Chapter XL, of Railroad Corporations and General Railroad Law,

and to Provide for the Regulation of Railroad Freight and Passenger Tariffs in This State, to Prevent Unjust Discrimination and Extortion in the Rates Charged for Transportation of Passengers and Freights, and to Prohibit Railroad Companies and Corporations and Lessees in This State from Charging other than Just and Reasonable Rates, and to Punish the Same, and Prescribe a Mode of Precedure and Rules of Evidence in Relation Thereto, Providing for the Election of Railroad Commissioners, and to Prescribe Their Powers and Duties in Relation to the Same".

Thus it is clear that the damages recoverable under this section are those resulting from violation of some rule or regulation of the then railroad commissioners, now the Public Service Commission, and action therefor must be brought within twelve months of the violation and injury. It has nothing to do with this action under the common law and under the railroad crossing statutes.

The other code section relied upon by the defendants as a bar to the action, No. 8376, is likewise irrelevant. It provides that judgments in personal and property injury actions against railroad and street railway corporations shall relate back in lien to the dates when the causes of action arose and take priority over payment of mortgage bonds of the companies, provided that in order to secure such priority of lien and payment the action must have been commenced within two years from the time that the cause of action arose.

Lucid exposition of the meaning and effect of this statute is found in the opinion in *Link v. Receivers of Seaboard Air Line Ry. Co.,* 4 Cir. 73 F. (2d) 149. The situation upon which the statute operates has not arisen in this case. There is no question here as to the effective date of the lien of the judgment; indeed, there is not yet any judgment.

The order sustaining the demurrer to the complaint upon the grounds of the applicability of the statutes which have been referred to, is reversed.

The foregoing sustains the appeal of the plaintiff. That of the defendants will now be considered.

Their answer contains as a third defense the allegations that plaintiff's husband died testate and solvent and his executor administered the estate and was discharged by the Probate Court on November 6, 1946; that the will gave the personal property, after inconsequential specific bequests, in equal shares, to testator's widow, plaintiff in this action, and to his son, Rudolph Gleaton; that the executor, Rudolph, instituted the survival action against the defendants, which has been mentioned. From this point we quote the remainder of the defense:

"5. That Rudolph Gleaton, as Executor, instituted the aforesaid action in this Honorable Court which acquired jurisdiction of the parties and the subject matter and the said action was tried upon its merits at the October, 1946, Term of this Court, which trial resulted in a verdict for the defendants, upon which verdict final judgment was entered resolving all issues therein in favor of these defendants, and that the said judgment is recorded in the office of the Clerk of this Court in Judgment Roll 309, Package 9.

"6. That the issues of negligence, gross negligence, willfullness and wantonness litigated in the aforesaid action instituted by Rudolph Gleaton as Executor are the same issues of negligence, gross negligence, willfullness and wantonness which the plaintiff is attempting to litigate in this action; that the plaintiff in this action was a privy of Rudolph Gleaton, as Executor, in the aforesaid action, is bound by the judgment therein rendered and estopped from litigating a second time any of the issues of negligence, gross negligence, willfullness and wantonness therein finally determined."

Plaintiff successfully demurred to this defense and defendants have appealed. The circuit court held that the plaintiff is not bound in the respect claimed by the judgment in

the former action by the executor because there was no privity between the latter and the present plaintiff. Defendants state the question raised by their appeal as follows:

"Was the plaintiff in this action a privy to Rudolph Gleaton, as Executor, in the action brought under Section 419 of the Code of 1942 against the defendants in this action, arising out of the death of Mike Gleaton, and does the judgment in the former action estop the plaintiff from relitigating any issues of negligence, gross negligence, willfullness and wantonness finally determined in the former action?"

Defendants do not contend that the executor's action under the survival statute, which resulted in verdict and judgment for the defendants, constitutes *res judicata* with respect to the present action; but that the judgment does constitute an estoppel of the plaintiff upon the factual issues of negligence, etc. The distinction is important and at times in the past has been an elusive one but it is now well established. The leading American authority is *Cromwell v. Sac County*, 94 U. S. 351, 24 L. Ed. 195, opinion by the able Justice Field, which is quoted from at length in *Willoughby v. Northeastern Railroad Company*, 52 S. C. 166, 29 S. E. 629, subsequently approved in *Johnston-Crews Co. v. Folk*, 118 S. C. 470, 111 S. E. 15. Incisive comment is contained in the note in 88 A. L. R. 574.

There are cases from other courts which have applied the doctrine to situations somewhat similar, but not parallel, to that presented by this appeal, notably those cited by defendants, to wit: *Chicago, R. I. & P. Ry. Co. v. Schendel, Adm'r*, 270 U. S. 611, 46 S. Ct. 420, 423, 70 L. Ed. 757, 53 A. L. R. 1265; *Keith v. Willers Truck Service, Inc.*, 64 S. D. 274, 266 N. W. 256, 104 A. L. R. 1471; *Gibson v. Solomon*, 136 Ohio St. 101, 23 N. E. (2d) 996, 125 A. L. R. 903; and *Vaughn v. Louisville & N. R. Co.*, 297 Ky. 309, 179 S. W. (2d) 441, 152 A. L. R. 1060. However, the per-

suasive authority of these decisions cannot prevail in view of the precedents from this court to which we turn.

*Bennett v. Spartanburg Ry. Gas & Electric Co.*, 97 S. C. 27, 81 S. E. 189, 190, pointed out the important differences between actions under Lord Campbell's Act, Code Secs. 411 and 412, and actions under the Survival Statute, Sec. 419, and forcefully laid down the rule that "there must be separate verdicts and separate judgments, and hence, there should be separate actions and separate trials". This decision was reaffirmed upon attack in *Grainger v. Greenville S. & A. Ry. Co.*, 101 S. C. 399, 85 S. E. 968. Necessarily the losing litigant is not estopped by the verdict in the action first tried and that was the result of the later decision of *Peeples v. Seaboard Air Line Ry.*, 115 S. C. 115, 104 S. E. 541 (approved in *Keel, Adm'r, v. Seaboard Air Line Ry.*, 122 S. C. 17, 114 S. E. 761), where recovery was sustained in an action under the survival statute which was brought after an action under Lord Campbell's Act had resulted in a verdict for the defendant. It is reviewed at 64 A. L. R. 446 in an annotation following an Ohio decision of the same result, *May Coal Company v. Robinette,* 120 Ohio St. 110, 165 N. E. 576, 64 A. L. R. 441. The pertinent statutes of Ohio are set out in this opinion and they are remarkably similar to ours, which have been cited. The *Peeples case* is again digested at 99 A. L. R. 1097.

A corollary of the Bennett and Peeples decisions, *supra,* is that verdict and judgment for defendant in an action under the survival statute will not estop the personal representative of the deceased in an action under Lord Campbell's Act subsequently tried. In the face of that, it cannot be said with consistency that a beneficiary of the estate is estopped, by verdict for the defendant in a survival action, in her suit for damages to her separate property which is alleged to have been injured by the identical contended acts of negligence, etc. The lack of privity between the personal representative and a beneficiary of the estate with respect to property not

that of the estate, which prevented in the *Bennett* and *Peeples cases, supra,* the application of the rules of *res judicata* and estoppel by judgment, is patently more pronounced in this instance where the subsequent suit is by one of the beneficiaries as plaintiff but is in her individual capacity and concerns her separate property. In contrast, the actions considered in the *Bennett* and *Peeples cases* (wrongful death and survival) were by the same plaintiff, *viz.,* the personal representative of the estate.

The instant case is unusual in that it was not instituted until the former action under the survival statute was concluded against the plaintiff-executor, perforce the adverse verdict of the jury, and the administration of the estate was also closed solvent. But this does not alter the fact that the action under the survival statute was by the executor, as such, in behalf of the estate of testator, so that the proceeds of any recovery would ordinarily have been first applicable to the legal and other expenses of the executor, his commissions, then to creditors' claims, and finally, if surplus, distributed to the legatees. Thus the plaintiff in this action would have had no real interest in the recovery had there been one, until after all of the stated contingencies should have been met and then she would have shared only as one of the legatees of the will. It can hardly be said under these circumstances that she was the real plaintiff or the real party in interest in that action, which is the basis of the holdings of other courts urged here by defendants for reversal, cited *supra.*

Anomaly in application to this case of the rule contended for by defendants is illustrated by the succession of actions of conflicting results. The first, under Lord Campbell's Act, of which the present plaintiff was a statutory beneficiary, Code, Sec. 412, resulted in verdict and judgment for plaintiff. Then the survival action which arose out of the same factual situation brought judgment for the defendants, by virtue of the verdict of the jury. No reason has been ad-

vanced why one of these conflicting verdicts is more potent in the present litigation than the other. Defendants quite naturally make no reference in their brief to the verdict and judgment against them in the wrongful death action. Yet for validity there must ordinarily be mutuality of estoppel. In the latter connection it should be said that the question has not been examined, because not presented, of the effect, if any, upon the instant action of a judgment for defendants in the action under Lord Campbell's Act, if the latter had resulted and were here pleaded.

Defendants acknowledge in argument a further difficulty. Had the estate been insolvent plaintiff would not have benefited by any recovery in the survival action and would therefore have had no actual interest in it. In that event there would have been no subject of privity, even under defendants' theory, between her and the plaintiff in that action, who was the executor. The consideration buttresses the conclusion that there was no privity even granting the solvency of the estate, which is the fact.

Proper result was reached by sustention of demurrer to the third defense contained in defendants' answer.

Affirmed in part; reversed in part.

BAKER, C.J., and FISHBURNE, TAYLOR, and OXNER, JJ., concur.