### 17189

COMPLETE AUTO TRANSIT, INC., Respondent, v. RUTH WILSON BASS, Executrix of the Estate of A. S. Bass, Deceased, and Willis Pierce Byrd, of whom Ruth Wilson Bass, Executrix, is Appellant

(93 S. E. (2d) 912)

608

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, and *O. L. Long,* of Laurens, *for Appellant,*

*Justin A. Bridges, Esq.,* of Laurens, *for Respondent,*

July 17, 1956.

LEGGE, Justice.

In October, 1953, a collision occurred in Union County, South Carolina, between a tractor-trailer owned by Complete Auto Transit, Inc., and an automobile occupied by A. S. Bass, its owner, and Willie Pierce Byrd, who was driving. Mr. Bass was killed and Byrd sustained personal injuries; the tractor-trailer overturned and burned.

Complete Auto Transit, Inc., brought this action in May, 1955, against Ruth Wilson Bass, as executrix of the estate of A. S. Bass, and Willie Pierce Byrd, seeking to recover for the damage to its tractor-trailer. The defendants answered separately; and among the defenses set up in each answer there was pleaded in bar that the plaintiff had not counterclaimed for such damage in actions brought by the respective defendants against it in the District Court of the United States for the Western District of South Carolina— by the defendant Byrd for his personal injuries, and by the defendant executrix for the alleged wrongful death of her husband—, and also that because of settlements made in those cases the plaintiff was estopped to maintain the present action. Plaintiff's motion to strike these allegations as irre-

levant was denied as to Byrd's answer and sustained as to that of the executrix, who now appeals.

Two questions are presented, *viz.*:

1. Is respondent's claim for property damage barred because it was not pleaded as a counterclaim in the Federal Court action for wrongful death?

2. Is respondent estopped by the settlement of the Federal Court action to assert its claim for property damage in the present action?

Rule 13(a) of the Federal Rules of Civil Procedure, 28 U. S. C. A. reads as follows:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action".

The Federal Rules of Civil Procedure are rules of practice and procedure; they neither abridge nor enlarge nor modify the substantive rights of any litigant. 28 U. S. C. A. § 2072; Rule 82, Fed. Rules of Civ. Proc.; *Sibbach v. Wilson & Co.,* 312 U. S. 1, 61 S. Ct. 422, 85 L. Ed. 479. They give no right to assert a counterclaim where such right did not exist before. *Barnsdall Refining Corp. v. Birnamwood Oil Co.,* D. C. E. D. Wis. 1940, 32 F. Supp. 314.

The cause of action asserted here, and which appellant contends should have been asserted by way of counterclaim in the Federal court action, is for an alleged tort committed in this State. All matters relating to such right of action are, therefore, governed by the law of South Carolina. 11 Am. Jur., Conflict of Laws, Section 182.

The issue before us, then, is whether or not, under the law of this State, respondent had the right to assert, in the action by the executrix against it for wrongful death, a counterclaim for damage to its truck. The precise question has not heretofore been passed upon by this court; but, as the learned circuit judge pointed out in his order now under appeal, the reasoning in *Bennett v. Spartanburg Railway, Gas & Electric Co.,* 97 S. C. 27, 81 S. E. 189, clearly indicates that it should be answered in the negative.

In the *Bennett case* it was held that there cannot be joined in the same complaint a cause of action for personal injuries sustained by the decedent and one for his wrongful death resulting from the same occurrence, because the administrator is, in reality, not the same party in respect of the two causes of action. To quote briefly from the opinion:

"While the party plaintiff is nominally the same as to each cause of action, in reality his relation to and interest in each is entirely separate and distinct. In the one, he is the representative of the estate of the deceased, and the recovery, if any, is for damages resulting from the injury to deceased, and the amount recovered will go into his hands as assets of the estate, liable for the payment of debts and other claims against the estate. In the other he is the representative of the beneficiaries named in the statute, and the recovery, if any, is for damages resulting to them, and the amount recovered will be distributed amongst them. Therefore, as representative of the estate, the cause of action in favor of the husband and children does not affect him; and, as representative of the husband and children, the cause of action in favor of the estate does not affect him".

In *Grainger v. Greenville S. & A. R. Co.,* 101 S. C. 399, 85 S. E. 968, the court, citing the *Bennett case* with aproval, held that judgment in an action for wrongful death did not bar a subsequent action for pain and suffering of the decedent.

In *Peoples v. Seaboard Air Line Ry.,* 115 S. C. 115, 104 S. E. 541, where it was held that judgment for the defend-

ant in an action for wrongful death was not *res judicata* in a second action by the administrator for the injury to decedent, the *Bennett case* was again cited as "complete authority" for the court's decision.

Appellant suggests that the only real difference between the functions of the executrix as representative of the estate on the one hand and as representative of the statutory beneficiaries of the cause of action for wrongful death on the other is in relation to the distribution of the proceeds of recovery in her hands. But the distinction is deeper than that. For example, recovery against her on the cause of action for property damage would not operate to reduce by a penny her recovery on the cause of action for wrongful death. Nor could recovery by her on the cause of action for wrongful death offset her liability under a judgment against her for the property damage. The two claims,—her own against respondent for wrongful death, and respondent's against her for property damage,—are in nowise reciprocal. In reality, she functions under two separate and distinct trusteeships having no relationship to each other beyond the fact that their origin is referable to the death of the same person.

*Hoffman v. Stuart,* 188 Va. 785, 51 S. E. (2d) 239, 6 A. L. R. (2d) 247, upon which appellant relies, was an action for damages to the plaintiff's truck resulting from its collision with an automobile driven by decedent; and it was there held, by a divided court, that the defendant administrator could file a cross-claim for damages for the wrongful death of decedent. But the basis of that decision was the holding, by the majority of the court, that the Virginia statute providing a right of action for wrongful death did not create a new cause of action, but simply transmitted to the personal representative, for the benefit of the statutory beneficiaries, the right to sue which had existed in decedent until his death. Our concept of the wrongful death statute is otherwise. We view it as having created a new cause of action. *Osteen v. Southern Ry.—Carolina Division,* 76 S. C. 368, 57 S. E. 196; *Pinson v. Southern Ry.—Caro-*

*lina Division,* 85 S. C. 355, 67 S. E. 464; *Sellers v. Lewis & Holmes Motor Freight Corp.,* 215 S. C. 256, 54 S. E. (2d) 806.

*Campbell v. Ashler,* 320 Mass. 475, 70 N. E. (2d) 302, 305, is pertinent here, and its reasoning closely parallels that in *Benett v. Spartanburg Railway, Gas & Electric Co., supra.* The *Campbell case* was an action for wrongful death resulting from a collision between an automobile driven by plaintiff's intestate and an automobile driven by the defendant. The latter contended that the action was barred because the plaintiff had failed to plead the cause of action for wrongful death as a counterclaim in a prior action in the Federal Court in which the defendant had sued him (and, incidentally, had recovered judgment) for his damages resulting from the same collision. Mr. Justice (now Chief Justice) *Qua,* speaking for the unanimous court, said:

"We cannot accept the defendant's contention that a judgment in his favor against the plaintiff as administrator rendered by the District Court of the United States for damages sustained by the defendant in the same collision is *res judicata* in this action. This contention rests upon Rule 13(a) of the new Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, which reads as follows * * * The defendant argues that Rule 1(a) required the present plaintiff to bring his cause of action to the Federal court in the form of a counterclaim in the former action, and that he lost his cause of action altogether when he failed to do so. * * *"

"In the present case at least there is no *res judicata* because the parties in the Federal court were not the same as the parties in the present action. In the Federal court the administrator was necessarily sued in his capacity as the representative of the estate of the deceased for the benefit of creditors and distributees. But it is settled that in bringing an action like the present one, based upon the death statute of this Commonwealth, for the benefit of the persons designated in the statute, the administrator acts in a different capacity and in the law of *res judicata* is not the same

person as he is when he represents the estate in general. * * * We cannot give to the Federal rule the effect of depriving of his cause of action a person who was never a party to litigation in that court".

Respondent in the present case had no cause of action for damage to its property against appellant in her capacity as representative of the beneficiaries of the cause of action for wrongful death, and therefore could not have asserted such a cause of action by way of counter-claim in the Federal court action.

The claim of estoppel against respondent because of the settlement of the action for wrongful death stands on no higher footing than would a judgment against it in that action. That settlement involved only the cause of action for wrongful death, to which appellant, in her present capacity as representative of the estate of the decedent for the benefit of creditors and distributees, was not a party. She cannot, therefore, invoke the settlement of that action to estop respondent to maintain this. Cf. *Rookard v. Atlanta & C. Air Line R. Co.,* 84 S. C. 190, 65 S. E. 1047, 27 L. R. A., N. S., 435; *Citizens Bank of Darlington v. Mc-Donald,* 202 S. C. 244, 24 S. E. (2d) 369.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.