May Belle Bellamy DEATON and Lorena Dees Anderson, as Administratrices of the Estate of Sandra Lynn Kelly, deceased, Plaintiff,

v.

GAY TRUCKING COMPANY, Defendant.

May Belle Bellamy DEATON, as Administratrix d.b.n. c.t.a. of the Estate of Shelby Martin Kelly, deceased, Plaintiff,

v.

GAY TRUCKING COMPANY, Defendant.

May Belle Bellamy DEATON and Lorena Dees Anderson, as Administratrices of the Estate of Pamela Jean Kelly, deceased, Plaintiffs,

v.

GAY TRUCKING COMPANY, Defendant.

Civ. A. Nos. 67-395, 67-396 and 67-452.

United States District Court
D. South Carolina,
Charleston Division.

Nov. 20, 1967.

Robert B. Wallace, Arthur G. Howe, Brockinton & Brockinton, Charleston, S. C., for plaintiffs.

Robert A. Patterson, of Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., for defendant.

ORDER

SIMONS, District Judge.

This matter is before the court on defendant's motions for summary judgment and plaintiffs' oral motions for a voluntary non-suit in each of the within captioned tort actions.

These cases arise out of an accident which occurred at the intersection of U. S. Highway 21 and S. C. Highway 61 on the 3rd day of February 1964. Each complaint alleges that the deceased persons, to wit: Sandra Lynn Kelly, Shelby Martin Kelly, and Pamela Jean Kelly died as a result of injuries received by them when a 1963 Brockway truck-trailer unit, owned and operated by the defendant Gay Trucking Company, its agents and servants, collided with a 1957 Ford automobile in which the above named deceased persons were riding.

Plaintiffs further allege that the collision and resultant injuries and death occurred by reason of the negligence, recklessness and wilfulness of the defendant Gay Trucking Company, its agents and servants.

Two of the cases, Civil Action Nos. 67–395 and 67–396, involve actions for wrongful death [1] and Civil Action No. 67–452, is brought under the South Carolina Survival Statute.[2]

The defendant in each case has moved for a summary judgment on the grounds that the issues involved have been heretofore tried before this court and a jury in May Belle Bellamy Deaton and Lorena Dees Anderson, as Administratrices of the Estate of Pamela Jean Kelly, deceased v. Gay Trucking Company and Belva C. Munn as Administratrix of the Estate of Mary Frances Martin, Civil Action No. 66–447, wherein a jury verdict was rendered for and on behalf of the defendant, Gay Trucking Company, and that the issues thus having been adjudicated, the matter has become *res judicata* or alternatively, estopped by judgment since by reason of the above there is no genuine issue as to any ma-

1. S.C.Code Ann. § 10–1951 (1962).

2. S.C.Code Ann. § 10–209 (1962).

terial fact and the cases should be dismissed as a matter of law.

No issue of fact exists in that it is agreed that the prior case, Civil Action No. 66–447 was tried and resulted in a verdict for the defendant, thereby leaving only a question of law to be decided by this court which makes a decision by this court appropriate under Rule 56(c) of the Federal Rules of Civil Procedure.

On first impression the defendant's brief in support of his motion is quite persuasive, but on further study the authorities are found to be neither in point nor controlling.

■ In each of the cases, there is a separate and distinct cause of action and therefore the question of *res judicata* is completely without merit in that all authorities including the United States Supreme Court agree that *res judicata* is where "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action * * *" Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122. The defendant's brief, in fact, so states.

Apparently confusion as to the distinction between "*res judicata*" and "estoppel by judgment" has resulted from the use of these terms indiscriminately and interchangeably.

■ However, it seems clear that while a second and different civil action may be defeated by a former judgment, because it conclusively and negatively adjudicates some essential fact or issue involved in the latter, a judgment cannot operate as a bar to a different cause of action.[3]

As stated earlier, two of the cases involve actions for wrongful death and the third involves an action under the Survival Statute. Because of the distinction between these two the court will treat them separately. As to May Belle Bellamy Deaton and Lorena Dees Anderson, as Administratrices of the Estate of Pamela Jean Kelly, deceased, Civil Action No. 67–452, involving the action under the survival statute,[4] the cases of Peeples v. Seaboard Air Line Ry., 115 S.C. 115, 104 S.E. 541, and Bennett v. Spartanburg Ry. Gas and Electric Co., 97 S.C. 27, 81 S.E. 189, are of significance. It does not appear who were the *ultimate* beneficiaries in either of those actions but the nominal plaintiff was the same in both, as is the case in the present action.

This court knows not whether the ultimate beneficiaries in a wrongful death action and a survival action would be the same, for any recovery under a survival action might be depleted by claims against the estates. Likewise, in these present actions this court cannot say with certainty that the ultimate beneficiaries will be the same.

Unquestionably all of these civil actions arose out of the same transaction. As stated in *Bennett,* supra:

"While the party plaintiff is nominally the same as to each [civil] action, in reality his relation to and interest in each is entirely separate and distinct. In the one, he is representative of the estate of the deceased, and the recovery, if any, is for damages resulting from the injury to the deceased, and the amount recovered will go into his hands as assets of the estate * * *

"In the other, he is the representative of the beneficiary named in the statute, and the recovery, if any, is for damages resulting to them, and the amount recovered will be distributed amongst them.

"Therefore as representative of the estate, the [civil] action in favor of the [grandparents] does not affect him; and as representative of the [grandparents], the cause of action in favor of their estate does not affect him." Bennett v. Spartanburg Ry. Gas & Elec. Co., 97 S.C. 27, 30, 81 S.E. 189. (Brackets added).

3. Distinction Between Judgment as a Bar to Civil Action and as Estoppel as to a Particular Fact. 88 A.L.R. 576.

4. S.C.Code Ann. § 10–209 (1962).

For many years separate actions for wrongful death and under the survival statute have been brought, and certainly the factual issues were the same and yet the prior determination has not been held to be binding on the subsequent case. In *Peeples*, supra, although the ultimate beneficiaries were not shown, this issue was presented and the South Carolina Supreme Court allowed the survival action although an earlier wrongful death action had resulted in a verdict for the defendant. In fact, under the South Carolina law, the two civil actions cannot be joined in one cause of action, and may not be tried together [5] except by consent of the parties, which necessarily invalidates defendant's argument.

Although the precise question involving the same ultimate beneficiaries, i. e. the grandparents, has not been presented, it appears from the South Carolina cases that the matter would not be *res judicata* or estopped by judgment. Accordingly, the defendant's motion in this regard is denied.

With reference to May Belle Bellamy Deaton and Lorena Dees Anderson, as Administratrices of the Estate of Sandra Lynn Kelly, deceased, Civil Action No. 67–395, and May Belle Bellamy Deaton as Administratrix of the Estate of Shelby Martin Kelly, deceased, Civil Action No. 67–396, both of which involve actions for wrongful death, the question is not as well settled.

Generally a distinct and independent civil action although growing out of the same state of facts may be sued on separately and the recovery of a judgment for one of such causes of action will not bar subsequent actions on the other. 50 C.J.S. Judgments § 674.

The right of every man to his day in court is one of the most precious individual rights inherent in our form of government and basic to American jurisprudence. Assuming the correctness of the theory that each man is entitled to his day in court, it is completely contrary to this principle to allow one jury to decide another man's case. This would be

the result if summary judgment were here granted for the defendant since it would in fact be having the jury of the prior case deciding the present case without even hearing it.

Although the issue was different, the case of Complete Auto Transit, Inc. v. Bass, 229 S.C. 607, 611, 93 S.E.2d 912, 913, sheds some light on the feelings of the South Carolina Court on the matter. In discussing *Bennett*, supra, the court stated: "[T]he administrator is, in reality, not the same party in respect of the two causes of action." Similarly, the administrator in each of these actions should be considered a totally different party.

In the *Bass* case, plaintiff sought to recover for damages to his truck arising from a collision between plaintiff's truck and decedent's automobile. The Executrix of the decedent pleaded that plaintiff's failure to counterclaim against her in her action for wrongful death barred the plaintiff's present suit.

The court stated that the distinction as Executrix in her representative capacity went deeper than just to whom the proceeds of any recovery ultimately went, and further stated: "In reality, she functions under two separate and distinct trusteeships having no relationship to each other beyond the fact that their origin is referable to the death of the same person." And the court further states:

"In the present case at least there is no res judicata because the parties in the Federal court were not the same as the parties in the present action. In the Federal court the administrator was necessarily sued in his capacity as the representative of the estate of the deceased for the benefit of creditors and distributees. But it is settled that in bringing an action * * based upon the death statute * * * for the benefit of the persons designated in the statute, the administrator acts in a different capacity and in the law of res judicata is not the same person as he is when he represents

5. Bennett v. Spartanburg Ry. Gas and Electric Co., 97 S.C. 27, 81 S.E. 189.

the estate in general." (229 S.C. at 613, 93 S.E.2d at 915).

The administratrix represents in each case a separate legal right that arose as to each decedent at the time of the accident.

The defendant quotes Mooney v. Central Motor Lines, Inc., 6 Cir., 222 F.2d 572, as follows:

"The doctrine of estoppel by judgment or res judicata, as a practical matter, proceeds upon the principal that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined upon its merits, by a court of competent jurisdiction." (22 F.2d at 573).

However, in Mooney there was a principal-agent relationship and the court refused to allow the agent to be sued after an action against the principal had failed. As this court views the present cases the administratrix in each case does not represent the same legal right, but in fact represents a different one as to each. While in the Mooney case the result was equitable, if these present circumstances were governed by the same rule the result would be inequitable.

If the plaintiffs had had no relation to each other and each decedent consequently was represented by a different executor or administrator this question of estoppel could never arise. Purely by coincidence each is represented by the same.

This court deems it completely inequitable to preclude these other plaintiffs based on a mere coincidence.

This court recognizes fully that upon the same state of facts, one jury may reach one decision and another may take a completely opposite view. The same case presented one day before one jury and later presented before another jury could well result in opposite verdicts.

Defendant's brief cites Thompson v. Lassiter, 246 N.C. 34, 97 S.E.2d 492, as the leading case on the question of estoppel by judgment in North Carolina and urges this court to adopt its premise. However, Hall v. Waters, et al., 132 S.C. 117, 128 S.E. 860, reaches a different conclusion. In Hall plaintiff had brought an action for his son as guardian ad litem for injuries to his son and lost. Later Hall brought a suit for loss of services of his son and to be reimbursed for his medical attention. The defendant claimed the previous action made the case res judicata, however the South Carolina Supreme Court disagreed and allowed the subsequent suit saying "the parties in the second case are different, the cause of action is different * * * So it is apparent that the South Carolina Supreme Court treats individuals in representative capacities as being different.

The defendant's brief also cites First National Bank v. U. S. F. & G. Co., 207 S.C. 15, 35 S.E.2d 47, 162 A.L.R. 1003. The First National Bank case is distinguishable from the present suits because there the bank stood in the shoes of the minor's guardian ad litem, and in a previous suit it had been expressly held that the Probate Judge (represented by the Guaranty Company as surety) was not liable to the child; consequently the surety could not be liable to the bank as surety for the probate judge.

Another South Carolina case of significance is Gleaton v. Southern Ry. Co., 212 S.C. 186, 192, 46 S.E.2d 879. In Gleaton there had previously been an action for wrongful death which resulted in a verdict for the plaintiff, and afterward an action under the Survival Statute which resulted in a verdict for the defendant. After these two actions plaintiff and widow of the decedent, in her individual capacity as the owner of the automobile in which decedent · received his fatal injuries, sued the same defendant for damages to the automobile.

The defendant contended that the prior action under the survival statute which resulted in a verdict for the defendant constituted an estoppel of the plaintiff upon the factual issues of negligence. The South Carolina Supreme Court al-

lowed the suit and stated in line with the plaintiff's brief:

"No reason has been advanced why one of these conflicting verdicts is more potent in the present litigation than the other. Defendants quite naturally make no reference in their brief to the verdict and judgment against them in the wrongful death action." (46 S.E. 2d at 882).

Had the wrongful death action for Pamela Jean Kelly been resolved in favor of plaintiff, would defendant here argue that such a result was *res judicata* as to the question of liability in these three suits?

The case of Illinois C. R. Co. v. Slater, 139 Ill. 190, 28 N.E. 830, 104 A.L.R. 1476, is the most direct in point. Recovery by a father as administrator for the death of a child killed in a railroad accident was held no bar to his recovery as administrator for the death of another child killed in the same accident, on the grounds that the parties were different in the two suits, in one of them the father suing as administrator of one child and in the other as administrator of the other, the court saying:

"It will be observed that the same railroad is defendant in each case; the same tortious act led to the death of the two persons; the same father and mother, brothers and sister, in each case; the same next of kin and beneficiaries in each case. * * * 'It must be observed that a verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity, and in fact as a different person, in law.' * * * The parties were not the same in the two actions, the defendant was the same in both actions, and the beneficiaries were the same, but in the former suit the plaintiff was the administrator of the estate of Arthur B. Slater, deceased. As such administrator he sued, and as such administrator he recovered, while in the present action the plaintiff sues as the administrator of the estate of Lewis W. Slater, deceased. The two plaintiffs have no interest or

connection whatever with each other. They are as separate and distinct as if the plaintiff in the first case had been William Smith, administrator of the estate of Silas Huber, and in the second case had been William Smith, administrator of the estate of John Jones. The beneficiaries have no bearing on the question. They are not plaintiffs in this action, but, under the statute, the administrator is made a plaintiff in his representative character as such. * * * 'The best and most unvariable test, as to whether a former judgment is a bar, is to inquire whether the same evidence will sustain both the present and the former action.' Suppose, on trial of former case,— where the action was brought to recover for negligent killing of Arthur B. Slater,—the plaintiff had proved that Lewis W. Slater came to his death by the negligent operation of defendant's trains, and that he was administrator of the estate of Lewis W. Slater, who had next of kin; could a verdict on such evidence be rendered for the plaintiff in the former action? The answer is apparent that no recovery could be had in that case on such evidence, and yet it will not be denied that such evidence would make out a *prima facie* case, upon which a verdict and judgment might be rendered in the latter case. The fact is therefore apparent that the same evidence would not support both actions. In the former case, it was necessary to establish that Arthur B. Slater, while in the exercise of ordinary care, was killed through the negligence of defendant; while in the present action it devolved upon the plaintiff to prove that Lewis W. Slater, while in the exercise of ordinary care, came to his death through the negligence of the defendant. The fact that both of these parties came to their death at the same time, and from one and the same accident, is a matter of no particular moment, and has no special bearing upon the question involved. Here the plaintiffs were different in the two actions. The subject-matter was not the

same, and the question involved in this case was not litigated in the former one; and we are aware of no well-settled principle upon which it can be held that the former action is a bar to the present one." (28 N.E. at 831, 832).

■ The situation is the same in the present suits. The administratrix is suing in different capacities as to each decedent. Accordingly the defendant's motion for summary judgment is denied.

■ The plaintiffs having moved for voluntary non-suits without prejudice in each of the three cases, the granting of same being in the court's sound discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure, and it appearing that there exists no counterclaims or cross-claims, and that no prejudice will result to either party, now, therefore, considering it in the best interest of the parties concerned, plaintiffs' motions are hereby granted.

And it is so ordered.