8775

BENNETT v. SPARTANBURG RY., GAS & ELECTRIC CO.

(81 S. E. 189.)

ACTIONS.    JOINDER.    PARTIES.

An administrator whose intestate died from injuries negligently caused, cannot, under Code Civil Proc. 218, unite in a single action against the tort feasor, a cause of action surviving to him for the damages suffered by his intestate with a cause of action under Lord Campbell's Act for the benefit of the kin of said intestate; since the real parties plaintiff in interest, and the elements of damages recoverable, in the two causes of action are different.

Before MEMMINGER, J., Spartanburg, March, 1913. Reversed.

Action in tort, by N. L. Bennett, clerk of court, as administrator of the estate of Lucy Gales, deceased, against the Spartanburg Railway, Gas & Electric Company. From an order overruling its demurrer for misjoinder of causes of action, defendant appeals.

The opinion states the case.

*Messrs. Sanders & DePass,* for the appellant, cite: *The action under Lord Campbell's Act, Code of Laws 1912, secs. 3955 and 3956, is a different action from that at common law which survives under sec. 3963:* 60 S. C. 410. *Elements of damages in each are different:* 60 S. C. 237.

*Mr. Stanyarne Wilson,* for the respondent, cites: 70 S. C. 280.

March 31, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiff set out two causes of action in his complaint. In the first, he alleges that, in the fall of 1908, his intestate was negligently injured by the defendant in consequence of which she suffered in body and mind and was partially incapacitated, until December, 1911, when she died. On account of her injury, he asks for $5,000.00 damages.

In the second cause of action, he alleges the same injury, and that it caused her death, and prays judgment for $10,000.00 damages for the benefit of her husband and children.

The defendant demurred to the complaint on the ground that two causes of action were improperly united therein. The demurrer was overruled, and defendant appealed on the sole ground that the Court erred in not holding that two separate and distinct causes of action were improperly united in the complaint.

At the common law, the first cause of action would have died with the intestate.   But it was made to survive to her administrator by the statute, which· was passed in 1905 (24 Stat. 945, incorporated as section 2963, vol. I, Code 1912), which provides among other things that causes of action for and in respect to "any and all injuries to the person"· shall survive to the personal representative of the deceased.   Also, at the common law, there was no right of action for an injury causing death.   The statute familiarly known as Lord Campbell's act (which, with some amendments, is incorporated in the Code of 1912, vol. I, sections 3955-3956) gave such a right of action.   This was the creation of a new right of action, where none existed before.   *Mayo's Estate,* 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660.   The statute provides that this action shall be for the benefit of the wife or husband and children of the deceased, or, if there be none such, then for the benefit of the other persons therein mentioned, and that it shall be brought by or in the name of the executor or administrator of the deceased.   The damages recoverable are such as the jury may think proportioned to the injury resulting from the death to the beneficiaries named, and the amount recovered shall be divided among them.

Now the only question presented by this appeal is : Can these two causes of action be joined in the same complaint?   Section 218 of the Code of Civil Procedure provides what causes of action may be united in the same complaint.   The first subdivision of that section permits the joinder of several causes of action in the same complaint, where they arise out of the same transaction. Unquestionably both of these causes of action arose out of the same transaction—the same accident and injury. But the last paragraph of that section further provides that the causes of action so united, except in actions for foreclosure of mortgages, must affect all the parties to the

action. In this respect, these two causes of action fall short of the statutory requirement. While the party plaintiff is nominally the same as to each cause of action, in reality his relation to and interest in each is entirely separate and distinct. In the one, he is the representative of the estate of the deceased, and the recovery, if any, is for damages resulting from the injury to deceased, and the amount recovered will go into his hands as assets of the estate, liable for the payment of debts and other claims against the estate. In the other, he is the representative of the beneficiaries named in the statute, and the recovery, if any, is for damages resulting to them, and the amount recovered will be distributed amongst them. Therefore, as representative of the estate, the cause of action in favor of the husband and children does not affect him; and as representative of the husband and children, the cause of action in favor of the estate does not affect him. In *Reed* v. *Ry. Co.*, 37 S. C. 53, 16 S. E. 291, the Court said: "That the act requires the personal representative (administrator or executor) to sue, need not trouble us, the legislature could as well impose that duty on the sheriff or the coroner. The proceeds recovered are not for creditors, or the family generally, or for the legatees, but is strictly confined to certain members of the family of the deceased." In contemplation of law the action is practically the same as if plaintiff had administered upon the estates of two different persons who were killed at the same time and in the same manner, and had joined the cause of action for each estate in the same complaint.

Moreover, the elements of damage recoverable are entirely different. In the first, plaintiff may recover all damages which his intestate sustained by reason of the injury, such as physical and mental suffering, expenses, loss of time and impaired capacity. In the other, no damages resulting to the deceased are recoverable, but only such as her death caused to her husband and children.

Necessarily, therefore, there must be separate verdicts and separate judgments, and, hence, there should be separate actions and separate trials.

Reversed.

Mr. Justice Gage took no part in this case.