0409

Kitty Katherine REED, Executrix of the Estate of Wiley Dempsey Reed, Appellant, v. N. R. MEDLIN, P. L. Morris, and South Carolina Department of Highways and Public Transportation, of whom South Carolina Department of Highways and Public Transportation is Respondent.
and
Henry M. CHAPLIN, Appellant, v. N. R. MEDLIN, P. L. Morris and South Carolina Department of Highways and Public Transportation, of whom South Carolina Department of Highways and Public Transportation is Respondent. (Three Cases)

(328 S. E. (2d) 115)

Court of Appeals

*Harris A. Marshall, J. C. Nicholson, Jr.,* and *James C. Williams,* Orangeburg, *for appellant.*

*T. Travis Medlock, Atty. Gen.,* and *Richard D. Bybee, Asst. Atty. Gen.,* Columbia, *for respondent.*

*M. Richbourg Roberson, Senior Asst. Atty. Gen.*, Columbia, *for amicus curiae Paul W. Cobb.*

Heard Nov. 12, 1984.

Decided March 7, 1985.

BELL, Judge:

These consolidated cases were brought against the State Highway Department for wrongful death, decedent's pain and suffering, and property damage arising from a motor vehicle collision. Reed and Chaplin appeal from an order denying their motion to add the Chief Highway Commissioner as a party defendant. Reed further appeals from an order granting summary judgment to the Highway Department as to the survival action for pain and suffering. We affirm.

On September 12, 1979, Wiley Reed was allegedly burned to death in a collision while stopped at a roadblock set up by two highway patrolmen. A tractor-trailer truck loaded with logs allegedly approached the roadblock from a sharp curve and crashed into his car, causing it to explode into flames. Henry Chaplin, who was also stopped at the roadblock, allegedly suffered extensive property damage as a result of the collision.

Reed's widow and executrix, Kitty Katherine Reed, filed both wrongful death and survival actions against the two highway patrolmen and the Highway Department. Chaplin filed suit for property damage against the same defendants. Subsequently, Reed and Chaplin moved to amend their complaints to join Paul W. Cobb, the Chief Highway Commissioner, as a party defendant. The circuit court denied these motions. At a later hearing, the Highway Department moved for summary judgment in Reed's survival action, contending that a survival action cannot be maintained against the Highway Department. The court granted summary judgment to the Department.

## I.

Reed claims the granting of summary judgment was error. She argues that the right of action for personal injury granted

by Section 57-5-1810, Code of Laws of South Carolina, 1976,[1] survives the death of the injured party by reason of the general survival statute, Section 15-5-90, Code of Laws of South Carolina, 1976.[2]

Neither the state nor any of its political subdivisions is ██ liable in an action *ex delicto* unless express statutory provision to that effect has been made. *Tucker v. Kershaw County School Dist.*, 276 S. C. 401, 279 S. E. (2d) 378 (1981). This rule applies to actions brought against the Highway Department. *Randal v. South Carolina State Highway Dept.*, 150 S. C. 302, 148 S. E. 57 (1929). Statutes permitting suit against the Highway Department for personal injury must be strictly construed, since they waive the State's normal immunity from tort liability, *Stanley v. South Carolina State Highway Dept.*, 249 S. C. 230, 153 S. E. (2d) 687 (1967).

Prior to the creation of the Highway Department in 1917, the maintenance of public highways was vested in the County Commissioners of the several counties. By a statute enacted in 1874, suits for personal injury caused by a defect in a highway lay against the county in which the injury occurred, not against the State. *See* Section 6, Act No. 633 of 1874, 15 Stat. at Large 785. This statute, as amended, was codified as Section 2948 of the 1922 Code. It was the predecessor of present Code Section 57-5-1810.

After the Highway Department was created, the General Assembly amended Section 2948 of the 1922 Code to permit suits against the Highway Department for personal injury caused by defects in any highway under the control and supervision of the Department. *See* Act No. 189 of 1925, 34 Stat. at Large 287. In 1928, substantially the same provision was separately enacted in a statute pertaining only to the

---

[1] Section 57-5-1010 reads in pertinent part:

> Any person who may suffer injury to his person or damage to his property by reason of (a) a defect in any State highway or (b) the negligent repair of any State highway may bring suit against the Department for the actual amount of such injury or damage, not to exceed in case of property damage the sums of three thousand dollars and in case of personal injury or death the sum of eight thousand dollars.

[2] Section 15-5-90 reads in pertinent part:

> Causes of action for and in respect to any and all injuries ... to the person ... shall survive both to and against the personal ... representative ... of a deceased ... any law or rule to the contrary notwithstanding.

Highway Department. *See* Act No. 1055 of 1928, 35 Stat. at Large 2055. The 1928 statute was recodified in 1951. *See* Section 84, Act No. 329 of 1951, 47 Stat. at Large 498. It appears, with amendments, as Section 57-5-1810 in the present Code.

At common law, personal actions *ex delicto* die with the person. *Bennett v. Railway, Gas & Electric Co.*, 97 S. C. 27, 81 S. E. 189 (1914). Therefore, unless a statute specifically provides for survival of an action for personal injury, it does not lie after the injured person's death. Although Section 57-5-1810 creates a right of action for personal injury against the Highway Department, it contains no provision for survival of such an action in the event the injured person dies. Reed argues, however, that the cause of action created by Section 57-5-1810 survives by virtue of the general survival statute.

Our Supreme Court has held the general survival statute does not permit an action against a county of this State for pain and suffering accruing to a decedent as a result of injury caused by a defect in a highway. *See Chewning v. Clarendon County*, 168 S. C. 351, 167 S. E. 555 (1933). Where death results to one injured by a defect in a highway, the exclusive remedy is an action under the wrongful death statute. *Id.*

The only material difference between *Chewning* and this case is that the former was a suit against a county. Since Section 57-5-1810 was derived from and is virtually identical to the predecessor statutes creating county liability for defects in a highway, *Chewning* must be regarded as controlling authority in this case. We, therefore, hold that the general survival statute does not apply to the cause of action created by Section 57-5-1810. The circuit court's order granting summary judgment to the Highway Department in Reed's survival action is affirmed.

## II.

Reed and Chaplin also assert the circuit court erred in refusing to permit joinder of the Chief Highway Commissioner as a party defendant.

A motion to amend a complaint to join an additional party is addressed to the discretion of the trial judge

subject to review on appeal. *Robinson v. South Carolina State Highway Dept.*, 241 S. C. 137, 127 S. E. (2d) 286 (1962). In this case, the circuit judge held the doctrine of sovereign immunity precluded suit against the Chief Highway Commissioner under *Tucker v. Kershaw County School Dist.*, 276 S. C. 401, 279 S. E. (2d) 378 (1981). He, therefore, denied the motion to join the Commissioner as an additional defendant.

We find no abuse of discretion. The amended complaint sought to join the Chief Highway Commissioner in his official capacity. In the absence of a statute expressly authorizing such a suit against him, the Commissioner, in his official capacity, enjoys sovereign immunity from liability and from suit. *Tucker v. Kershaw County School Dist., supra.* Section 57-5-1810 authorizes suit against the Highway Department only, not against the Commissioner. Therefore, the Commissioner's immunity is not waived by that statute. It was appropriate for the circuit judge to consider the question of sovereign immunity on its own motion, since it went to the subject matter jurisdiction of the court. *See Lowry v. Commissioners of Sinking Fund*, 25 S. C. 416, 1 S. E. 141 (1886) (sovereign immunity a question of jurisdiction); *Hammarskold v. Bull*, 43 S. C. L. (9 Rich.) 474 (1856) (court may raise question of jurisdiction on its own motion).

Alternatively, Reed and Chaplin urge this Court to overrule the doctrine of sovereign immunity so as to permit joinder of the Chief Highway Commissioner. For the reasons stated in *Shea v. State Department of Mental Retardation*, 279 S. C. 604, 310 S. E. (2d) 819 (S. C. App. 1983), we decline to reconsider the doctrine of sovereign immunity.

The order of the circuit court denying leave to add the Chief Highway Commissioner as a party defendant is likewise affirmed.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.