### 23174

Edgar R. BAKER, Administrator of the Estate of Layton Baker, Appellant v. Frank SANDERS, Marion Trading Company, and Coastal Rapid Public Transportation Authority, Defendants, of whom Coastal Rapid Public Transportation Authority is Respondent.

(391 S.E. (2d) 229)

Supreme Court

*Mark D. Chappell* of *Harris & Graves, PA,* Columbia, *for appellant.*

*John B. McCutcheon, Jr.* of *McCutcheon, McCutcheon, Baxter & Lawson, PA,* Conway, *for respondent.*

Heard Jan. 10, 1990.

Decided March 12, 1990.

HARWELL, Justice:

This case involves the issue of whether the South Carolina Tort Claims Act precludes a survival action against the State for a death which resulted from its alleged negligent acts.

## I. FACTS

Respondent Coastal Rapid Public Transportation Authority (Authority) is a governmental entity providing low cost transportation service in and around coastal South Carolina. On November 27, 1987, Layton Baker was involved in an accident while a passenger in a vehicle owned by the Authority and driven by Doretha Livingston Thomas. The accident was caused when the vehicle Layton Baker was traveling in collided with a tractor-trailer truck owned by Marion Trading Company and operated by Frank Sanders. Layton Baker died on December 10, 1978 as a result of injuries received in this accident.

Appellant Edgar R. Baker originally filed survival and wrongful death actions on behalf of his brother, Layton Baker, against Sanders, Marion Trading Company, Thomas, and the Authority. Thomas however, was later dropped from the actions. On February 25, 1989, the wrongful death action was tried separately and resulted in a verdict solely against the Authority. Thereafter, the Authority filed a motion for summary judgment as to the survival action or in the alternative to dismiss the survival action in its entirety on the grounds that appellant could not maintain such action for conscious pain and suffering against the State. The Authority argued that such action was precluded by statute because the statute provides that where death has ensued as the result of the negligent conduct of any state agency, a claim for wrongful death is the exclusive remedy. The circuit judge

granted the Authority's motion for summary judgment or in the alternative to dismiss the action in its entirety. This appeal follows.

## DISCUSSION

Appellant asserts that S.C. Code Ann. § 15-78-10, et seq. (Supp. 1989), the South Carolina Tort Claims Act, does not operate to preclude a survival action for conscious pain and suffering and medical expenses when an injured person subsequently dies as a result of a tort committed by the State. S.C. Code Ann. § 15-78-20 (Supp. 1989), which sets forth the public policy declaration and the extent and construction of the waiver of immunity, states that the legislature intends to provide liability on the part of the State only to the extent outlined in the Tort Claims Act. Section 15-78-20(b) provides that all other immunities applicable to the State are expressly preserved and that the remedies provided by the Tort Claims Act are to be the exclusive civil remedies available for any tort committed by the State except as provided in S.C. Code Ann. § 15-78-70(b) (Supp. 1989).

We must therefore look solely to the Tort Claims Act to determine if there exists a remedy for conscious pain and suffering and medical expenses when an injured person subsequently dies as a result of a tort committed by the State. S.C. Code Ann. § 15-78-40 (Supp. 1989) states:

> The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein. (Emphasis added).

In order to determine whether appellant is entitled to pursue a survival action under Section 15-78-40 against the State, we must address three issues: (1) the extent a private individual would be liable to appellant under the facts of this case; (2) the limitations upon liability and damages set forth in the Tort Claims Act; and (3) the

exemptions from liability and damages set forth in the Tort Claims Act.[1]

Under the facts alleged in this case, a private individual could be found liable to appellant not only for wrongful death, but for conscious pain and suffering as well as medical expenses. S.C. Code Ann. §§ 15-51-10 and 15-5-90 (1976) set forth the general rules allowing for wrongful death and survival actions. Under these sections, a person injured by the wrongdoing of another who subsequently dies as a result of that wrongdoing, is entitled to pursue both wrongful death and survival actions against the wrongdoer.

The only issues remaining are whether there are any limitations upon or exemptions from liability and damages as set forth in the Tort Claims Act. Only two sections of the Tort Claims Act set forth such limitations and exemptions: (1) S.C. Code Ann. § 15-78-120 (Supp. 1989); and (2) S.C. Code Ann. § 15-78-60 (Supp. 1989). We must liberally construe these sections which establish limitations upon and exemptions from liability of the State in favor of limiting liability of the State. S.C. Code Ann. § 15-78-20(f) (Supp. 1989).

Section 15-78-120 merely limits the amount of money recoverable in an action under the Tort Claims Act and limits punitive or exemplary damages and prejudgment interest. None of these limitations preclude appellant's survival action. As there is no limitation on the right to pursue a survival action, we must determine whether any exemptions to the waiver of immunity exist which might apply to a survival action. Section 15-78-60, titled "Exceptions to waiver of immunity," is the only statute within the Tort Claims Act which addresses exemptions. None of the twenty-nine exceptions listed in Section 15-78-60 relate to a prohibition on survival actions. Because there is no statutory limitation or exemption relating to survival actions, appellant is entitled to pursue a survival action.

---

[1] A further step in the analysis that was not advanced by the parties, concerns whether the plaintiff has suffered a compensable "loss," as defined by S.C. Code Ann. § 15-78-30(f) (Supp. 1989). We hold that here, the plaintiff's loss fits within the statutory definition. *See Gosnell v. Dorchester School Dist. No. 2*, 389 S.E. (2d) 865 (S.C. 1990).

In the lower court, the Authority relied on a pre-Tort Claims Act case, *Reed v. Medlin*, 284 S.C. 585, 328 S.E. (2d) 115 (Ct. App. 1985), which interpreted S.C. Code Ann. § 57-5-1810 (1976), the highway defect statute in which the State expressly waived its immunity from liability by permitting suit against the highway department for personal injury or property damage caused by a defect in or by the negligent repair of the highway. In *Reed*, the Court of Appeals held that because Section 57-5-1810 did not specifically provide for survival of an action for personal injury, such action would not lie after an injured person's death.

Not only is *Reed* inapplicable because it was decided prior to the effective date of the Tort Claims Act, but for other reasons as well. *Reed* interpreted Section 57-5-1810, a section which was repealed by the same act that created the Tort Claims Act, thereby codifying this area of the law. Finally, and most importantly, the highway defect statute did not contain language even remotely similar to Section 15-78-40 which provides that the State is liable for its torts to the same extent as a *private individual under like circumstances.* Section 15-78-40 implicitly provides for a survival action for conscious pain and suffering and medical expenses against the State because a private individual could be found similarly liable under these circumstances pursuant to the *general* survival statute, Section 15-5-90.

Also, we do not interpret S.C. Code Ann. § 15-78-170 (Supp. 1989) which further elaborates on an action or claim for the death of a person, to preclude a survival action. One cannot necessarily be inferred from the other. Although the Authority urges us to liberally construe all provisions of the Tort Claims Act in order to limit liability of the State, Section 15-78-20(f) only requires that we liberally construe the provisions establishing limitations upon and exemptions from the liability of the State in favor of limiting their liability. Having already done so and found that no such limitations or exemptions exist so as to preclude a survival action under the Tort Claims Act, we do not need to address appellant's equal protection argument. We reverse the order of the circuit judge and remand to the circuit court for trial.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.