THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tony Foster, Sr., and Belinda Keaton, as Personal Representatives of 
 the Estate of Tony Foster, Jr., (deceased),       
Appellants,
 
 
 

v.

 
 
 
Greenville Memorial Hospital System,       
Respondent.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-397
Submitted March 8, 2004  Filed June 
 22, 2004

AFFIRMED

 
 
 
Fletcher N. Smith, Jr., of Greenvill, for Appellants.
Sarah S. Purnell, G. Dewey Oxner, Jr., of Greenville, for 
 Respondent.
 
 
 

PER CURIAM:  The estate of Tony Foster, 
 Jr. (the Estate) filed a wrongful death claim against the Greenville Memorial 
 Hospital System (Greenville Memorial).  The trial court granted Greenville Memorials 
 motion to dismiss, finding a prior judicial determination, that Greenville Memorial 
 was not negligent, barred the subsequent wrongful death claim.  The Estate appeals.  
 We affirm. [1] 
 FACTS
 In January 1992, four-year-old Tony 
 Foster, Jr., was brought into the Greenville Memorial emergency room suffering 
 from dizziness, vomiting, and diarrhea.  Although a CT scan was ordered upon 
 Tonys admittance to the hospital, a delay in obtaining the CT scan led to 
 a delay in diagnosing him with hydrocephalus.  Tony subsequently sustained 
 severe neurological injuries and thereafter remained in a vegetative state.   
 Tonys mother, acting as his guardian ad litem, brought a medical 
 malpractice action in May 1993, arguing the doctors employed by Greenville 
 Memorial were negligent in failing to timely diagnose and treat Tonys condition. 
 [2]   After the trial in November 1995, the jury returned a verdict for 
 Greenville Memorial.  This Court affirmed in Keaton v. Greenville Meml 
 Hosp., Op. No. 97-UP-379 (S.C. Ct. App. filed Aug. 28, 1997).  Our state 
 Supreme Court affirmed, as modified, this Courts opinion and upheld the jurys 
 verdict for Greenville Memorial.  Keaton v. Greenville Meml Hosp., 
 334 S.C. 488, 514 S.E.2d 570 (1999).  

 
 Tony died November 28, 1999, as a result 
 of his injuries.  The Estate filed a wrongful death action against Greenville 
 Memorial in October 2001, alleging negligence by Greenville Memorials employees 
 resulted in Tonys injuries.  In its answer, Greenville Memorial denied the 
 allegations and affirmatively pled the defenses that the complaint failed 
 to state a cause of action pursuant to Rule 12(b)(6), SCRCP, and that the 
 case was barred by res judicata.  At the hearing on the motion to dismiss 
 pursuant to Rule 12(b)(6), SCRCP, Greenville Memorial informed the trial court 
 that the negligence issues had already been determined in the prior personal 
 injury case.
 The trial court granted the motion based upon 
 several grounds.  The judge found the Estates complaint failed to state facts 
 sufficient to constitute a cause of action because it did not allege: (1) 
 that Tony died; (2) the date Tony died; or (3) that Greenville Memorials 
 negligence caused his death.  After considering information presented by Greenville 
 Memorial regarding the prior lawsuit, the trial court further found the instant 
 case was barred by both the wrongful death statute and the doctrine of collateral 
 estoppel.  The Estate appeals. 
 STANDARD OF REVIEW
 The Estate appeals the trial courts 
 decision to dismiss the complaint pursuant to Rule 12(b)(6), SCRCP.  However, 
 as in the present case, if the trial court considers matters outside the 
 complaint on a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, the 
 motion shall be treated as one for summary judgment and disposed of as provided 
 in Rule 56, and all parties shall be given reasonable opportunity to present 
 all material made pertinent to such a motion by Rule 56.  Rule 12(b), SCRCP; 
 Gilbert v. Miller, 356 S.C. 25, 27, 586 S.E.2d 861, 862 (Ct. App. 
 2003) (holding that where the trial court considers matters outside the 
 pleadings the motion to dismiss is converted to one for summary judgment). [3] 
 LAW/ANALYSIS          
 The Estate argues the trial court 
 erred in granting Greenville Memorials motion because a prior determination 
 in a tort action does not bind nor bar a subsequent action for wrongful 
 death.   We do not agree.
 Section 15-51-10 of the wrongful death statute 
 provides:

 Whenever the death of a person shall be caused by the wrongful 
 act, neglect or default of another and the act, neglect or default is 
 such as would, if death had not ensued, have entitled the party 
 injured to maintain an action and recover damages in respect thereof, 
 the person who would have been liable, if death had not ensued, 
 shall be liable to an action for damages. . . .

 S.C. Code Ann. § 15-51-10 (1977) (emphasis 
 added).
 Section 15-51-60 of the wrongful 
 death statute addresses the effect of an action filed prior to the individuals 
 death.  This section states the wrongful death statute shall not apply 
 to any case in which the person injured has, for such injury, brought 
 action, which has proceeded to trial and final judgment before his or 
 her death.  S.C. Code Ann. § 15-51-60 (1977).  
 When interpreting these statutes, we must determine 
 the intent of the Legislature.  Hawkins v. Bruno Yacht Sales, Inc., 
 353 S.C. 31, 39, 577 S.E.2d 202, 207 (2003) (The cardinal rule of statutory 
 construction is to ascertain and effectuate the intent of the legislature.).  
 If the terms of the statute are clear, this Court must apply the terms 
 according to their plain and ordinary meaning.  Paschal v. State Election 
 Commn, 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995).  
 Section 15-51-10 plainly states that a wrongful death 
 action may be filed on behalf of a deceased in cases where the deceased 
 would have been entitled to file a personal injury claim had he or she 
 not died.  Further, section 15-51-60 is clearly intended to prevent a 
 double recovery.  It excludes a right of action in the estate where the 
 deceased brought and tried an action to a final judgment during the deceaseds 
 lifetime.  As such, sections 10 and 60, when read together, stand for 
 the proposition that a judgment in a prior personal injury case extinguishes 
 the right to pursue a subsequent wrongful death claim.  Thus, as the Estate 
 would have been prohibited from retrying Tonys personal injury case before 
 his death, it is prohibited from bringing such a suit at this time.  
 Even interpreting the facts in the present 
 case in the light most favorable to the Estate, the Estate is barred by 
 statute from bringing the wrongful death action because Tony pursued a 
 personal injury action to final judgment during his lifetime.  As such, 
 the trial court did not err in granting summary judgment in favor of Greenville 
 Memorial.
 The Estate, however, cites two 
 cases for the proposition that it was permitted to file both a personal 
 injury action and a wrongful death action.  In Bennett v. Spartanburg 
 Ry., Gas & Elec. Co., 97 S.C. 27, 81 S.E. 189 (1914), a husband 
 alleged two causes of action in his complaint: he brought a survival action 
 on both his behalf and the behalf of his children to recover for their 
 loss in the wrongful death of his wife; and an action to recover for wifes 
 personal injuries and suffering.  Our state Supreme Court held the elements 
 of damages recoverable in the two causes of action were different, and 
 the cases should go forward in separate trials.  Bennett, 97 S.C. 
 at 30-31, 81 S.E. at 190.  
 The Estate also cites Deaton 
 v. Gray Trucking Co., 275 F. Supp. 750 (D.S.C. 1967).  In Deaton, 
 three women were killed in a car accident.  The estate of the first woman, 
 Pamela, brought a wrongful death action wherein a verdict was rendered 
 in favor of the trucking company.  Subsequently, an action was filed on 
 behalf of the estates of all the women against the trucking company alleging 
 a survival action for Pamela and wrongful death actions for the other 
 two women.  Citing Bennett, the District Court for the District 
 of South Carolina held Pamelas wrongful death suit was separate and distinct 
 from a survival action, and thus the prior judgment did not bar the survival 
 action.  The court also held that the prior suit did not bar the wrongful 
 death actions of the other women because it had not been previously litigated.  
 The court denied the defendants motion for summary judgment.  Deaton, 
 275 F. Supp. at 753-56. 
 These cases do not support the 
 Estates argument in the present case.  Bennett discussed whether 
 a claim for the death of the decedent and a survival claim could be brought 
 in the same action.  Deaton dealt with whether a judgment in favor 
 of the defendant in a wrongful death cause of action barred a subsequent 
 survival action or subsequent wrongful death actions on behalf of the 
 estates of different decedents.  Although Deaton dealt with the 
 question of whether res judicata or collateral estoppel barred the wrongful 
 death suits on behalf of the estates of the other two decedents, neither 
 Deaton nor Bennett discussed whether a personal injury case 
 filed and ultimately decided during the decedents lifetime barred a subsequent 
 wrongful death claim for that same decedent.  Further, these cases were 
 decided prior to the enactment of the current version of the wrongful 
 death statute.  As such, the Estates argument has no merit. [4]   
 CONCLUSION
 Because section 15-51-10 read in conjunction 
 with section 15-51-60 mandates that a wrongful death action may not be 
 filed subsequent to the final determination of a personal injury action 
 filed during the decedents lifetime, the trial court did not err in granting 
 summary judgment to Greenville Memorial.  Thus, the trial courts order 
 granting summary judgment to Greenville Memorial Hospital System is

 
 AFFIRMED. [5] 
 HUFF and STILWELL, JJ. and CURETON, 
 AJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] The Estate subsequently filed an amended complaint in August 1994. 
 

 
 
 [3] The Estate did not complain below and does not complain now on appeal 
 that the trial court improperly considered matters outside the complaint in 
 ruling on the motion to dismiss for failure to state a claim.  

 
 
 [4] We note the Estate also argued the trial court erred in finding the 
 Estates complaint failed to state facts sufficient to constitute a cause 
 of action and in finding the cause of action was barred by collateral estoppel.  
 However, as this case is barred by the wrongful death statute, it is not necessary 
 to reach the issues raised concerning the adequacy of the pleadings or collateral 
 estoppel.

 
 
 [5] Although the parties and the trial court did not take notice that 
 the trial courts consideration of matters outside the complaint converted 
 the motion to dismiss into one for summary judgment, we may affirm the grant 
 of summary judgment based on the Record.  Rule 220(c), SCACR (The appellate 
 court may affirm any ruling, order, or judgment based upon any ground(s) appearing 
 in the Record on Appeal.).